## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JACK PEAK,

*Plaintiff,*

vs.                                                          Case No. 2:22-cv-02278-EFM-GEB

YELLOW CORPORATION, f/k/a
YRC WORLDWIDE, INC.,

*Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Plaintiff/Counter Defendant Jack Peak's Partial Motion to Dismiss Counts Two and Three of Defendant/Counter Plaintiff Yellow Corporation ("Yellow")'s counterclaims (Doc. 27). Yellow has admitted that these claims are nonviable. Therefore, the Court grants Peak's Motion.

### I.    Factual and Procedural Background

This is in essence an employment/contract dispute based on Peak's actions in hiring Jack Strauch when Peak was Executive Vice President-Labor Affairs for Yellow. The underlying facts of the case, however, are irrelevant to the outcome of this Order. Therefore, the Court will only address this case's procedural background.

In short, Peak sued Yellow in Ohio state court, asserting claims for breach of contract, fraudulent inducement, promissory estoppel, and reverse gender discrimination.  Yellow removed the case to the United States Court for the Northern District of Ohio.  In its amended answer, Yellow counterclaimed for: (1) breach of fiduciary duty; (2) unfair and deceptive trade practices under Ohio law; (3) constructive fraud; (4) actual fraud, fraudulent inducement, and fraudulent misrepresentation; (5) civil conspiracy; and (6) breach of contract.  Only the second and third of these claims are at issue before the Court.

In March 2022, Yellow moved to transfer venue to the United States District Court for the District of Kansas.  On April 25, 2022, Peak filed a Partial Motion to Dismiss Yellow's second and third claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  This case was transferred to the District of Kansas on July 18, 2022, prior to Peak's Motion being decided, leaving it to this Court to rule on Peak's Partial Motion to Dismiss.

## II.    Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[1]  Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[2]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[3]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

of claims as well the grounds on which each claim rests.[4]  Under Rule 12(b)(6), the court must

accept as true all factual allegations in the complaint, but need not afford such a presumption to

legal conclusions.[5]  Viewing the complaint in this manner, the court must decide whether the

plaintiff's allegations give rise to more than speculative possibilities.[6]  If the allegations in the

complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then

the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' " [7]

　　　　None of the above analysis is required, however, if a party completely fails to substantively

respond to a motion to dismiss.[8]  In that case, the Court may assume that the party intended to

abandon its claim.[9]  Thus, the Court may summarily dismiss undefended claims.[10]

### III.　　Analysis

A.　　Because Yellow has failed to raise any substantive arguments in support of its claims, the

Court assumes its intent to abandon them.  As stated above, Peak has moved to dismiss Yellow's

claims for deceptive trade practices under Ohio law and constructive fraud.  In response, Yellow

submitted a one-page brief essentially admitting that these were not viable claims.  It even promises

---

[4] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[5] *Iqbal*, 556 U.S. at 678–79.

[6] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[7] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[8] *See Tronsgard v. FBL Fin. Grp., Inc.*, 312 F. Supp. 3d 982, 1009 (D. Kan. 2018) ("And, more importantly, plaintiffs don't respond substantively to defendants' argument that Kansas law bars plaintiffs' rescission claim. The court thus assumes that plaintiffs have abandoned their request for rescission. "); *see also Hinsdale v. City of Liberal, Kan.*, 19 F. App'x 749, 768–69 (10th Cir. 2001) (affirming district court's determination that plaintiff abandoned his equal protection claim by failing to address it in his response to defendant's motion for summary judgment).

[9] *See Tronsgard*, 312 F. Supp. at 1009.

[10] *See id.*; *see also Benge v. United Parcel Serv., Inc.*, 2022 WL 7484632, at *4–5 (D. Kan. 2022) (acknowledging *Tronsgard* and *Hinsdale* as supporting dismissal when plaintiff completely fails to defend a claim).

to withdraw all nonviable claims in a forthcoming amendment.  However, Yellow still requests that the Court deny Peak's Motion "in light of Defendant's proposed amendment of its pleading to remove the non-viable claims."

There is no need to wait for Yellow to make good on its promise before removing the nonviable claims from this lawsuit.  As supported by Yellow's admission that its second and third counterclaims are non-viable—including Yellow's stated intent to abandon them—the Court finds that Yellow intended to abandon these claims when it failed to argue substantively against Peak's Motion.  Therefore, the Court grants Peak's Motion with prejudice.

**IT IS THEREFORE ORDERED** that Peak's Partial Motion to Dismiss Counts Two and Three of Yellow's counterclaims (Doc. 27) is **GRANTED** with prejudice**.**

**IT IS SO ORDERED.**

Dated this 8th day of November, 2022.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE